IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES PODARES, | No. C 09-4199 SI |
|     Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| v. | **MOTIONS TO DISMISS WITHOUT** |
| CITY OF MENLO PARK, *et al.*, | **LEAVE TO AMEND** |
|     Defendants. | |
| _____/ | |

Defendants' motions to dismiss the complaint were scheduled for a hearing on December 18, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determined that the motions are appropriate for resolution without oral argument, and vacated the hearing. As set forth below, the Court concludes that plaintiff's claims are barred by the statute of limitations, and GRANTS defendants' motions to dismiss without leave to amend.

**BACKGROUND**

On September 10, 2009, plaintiff Charles Podares filed a complaint for damages for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's claims arise out of his December 15, 2005 criminal convictions on two misdemeanor charges, Cal. Penal Code §§ 243.2(a) and 245(a)(1), for battery on school property and assault. The complaint describes the facts giving rise to plaintiff's prosecution and conviction as follows:

> In November 2004, Plaintiff Charles Podaras' dog Emerson was attacked and injured by Las Lomitas School District employee Dennis Hatfield at the La Entrada School in Menlo Park, California. Mr. Podaras witnessed Mr. Hatfield strangle Emerson

by using Emerson's collar, raising and hanging him in the air choking. Mr. Podaras begged Mr. Hatfield to release Emerson, but Mr. Hatfield acted aggressively, refused to release Emerson, and threatened to assault Mr. Podaras. In defense of himself and Emerson, and when Mr. Hatfield refused to stop torturing Emerson, Mr. Podaras pushed Mr. Hatfield and was able to free Emerson. Emerson suffered severe injuries as a result of Mr. Hatfield's attack.

. . .

Mr. Podaras was falsely accused by Mr. Hatfield of actions and statements that never occurred. Officer Bruttig then embellished Mr. Hatfield's story even further, creating a false police report that recounted a purported "choking" incident, even though the alleged victim Mr. Hatfield himself had denied this in an initial on-scene interview conducted and recorded by Officer Bruttig. Officer Bruttig also supplemented his report with inaccurate and incomplete witness statements.

The District Attorney's Office for the County of San Mateo, having access to the 911 recordings and the statement of Mr. Hatfield reporting that he was not choked and admitting that he held up Emerson by the collar, nonetheless charged Mr. Podaras with two misdemeanor counts of assault and battery.

Compl. ¶¶ 1, 2-4.

On September 11, 2006, the Appellate Division of the San Mateo Superior Court reversed plaintiff's convictions on the ground that the jury was not given a self-defense instruction. *Id.* ¶ 32.[1] The complaint alleges that the charges were dismissed on November 9, 2006. *Id.* Plaintiff has sued the City of Menlo Park, San Mateo County Deputy District Attorney Brian Donnellan, and Menlo Park police officer Bruce Bruttig. Plaintiff alleges that the City, Officer Brutig and the District Attorney conspired to fabricate and cover up evidence that led to his criminal convictions. The complaint alleges two claims under 42 U.S.C. § 1983: (1) conspiracy to deprive plaintiff of his right to a fair trial, and (2) malicious prosecution.

All defendants have moved to dismiss the complaint for failure to state a claim and as untimely.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

---

[1] Although the complaint does not contain the date of the reversal, plaintiff's opposition states that plaintiff's convictions were reversed on September 11, 2006. Opposition at 5:13.

2

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Defendants move to dismiss the complaint as untimely. Defendants contend that a two year statute of limitations applies to plaintiff's claims, and that the claims accrued at the latest on November 9, 2006 when the criminal charges against plaintiff were dropped. *See Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.") (footnote omitted). Plaintiff agrees that his claims accrued on November 9, 2006, but he contends that a three year statute of limitations applies, and thus that the claims are not time-barred.

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276

3

(1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva*, 169 F.3d at 610 (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).[2] Thus, the limitations period on this claim expired in November 2008, well before this lawsuit was filed.

Plaintiff relies on *Venegas v. Wagner*, 704 F.3d 1144 (9th Cir. 1983) (per curiam), to argue that the statute of limitations is three years. *Venegas* held that § 1983 claims were subject to a three year statute of limitation period applicable to actions created by statute under California Code of Civil Procedure § 338. *Venegas*, however, pre-dated the Supreme Court's decision in *Wilson*, and thus *Venegas* is no longer good law on the question of the applicable statute of limitations for § 1983 actions. *See generally Gibson v. United States*, 781 F.2d 1334, 1338-39 (9th Cir. 1986) (explaining effect of *Wilson*, and stating that "[u]ntil *Wilson*, this Circuit applied a longer three-year statute of limitations.").[3]

Accordingly, the Court finds that the statute of limitations on plaintiff's claims expired in November 2008, and thus that the claims are untimely. The Court finds it unnecessary to reach defendants' alternative arguments for dismissal.

///

---

[2] The 2002 extension of the applicable California limitations period became effective January 1, 2003. *Maldonado*, 370 F.3d at 955. Under California law, an extension of a statute of limitations does not apply to claims already barred under the old statute, unless the legislature provides otherwise. *Id.*

[3] Plaintiff also relies on *Lewis v. City of Berkeley* (N.D.Cal. 2009) 2009 WL 33326. That unpublished decision is neither precedential nor apposite to the issues in this case.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss without leave to amend. (Docket Nos. 4 & 7).

**IT IS SO ORDERED.**

Dated: December 28, 2009

SUSAN ILLSTON
United States District Judge